IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RE NECTAR, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KENNETH WOLFE and WOLFE | § | |
| PINTUS PURITAS, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

## COMPLAINT

Plaintiff RE Nectar, Inc. ("Plaintiff" or "Nectar") files this Complaint against Defendants Kenneth Wolfe ("Guarantor") and Wolfe Pintus Puritas, LLC ("Wolfe Pintus Puritas" and collectively with Guarantor, "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RE Nectar, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2. Defendant Kenneth Wolfe is a Texas resident and domiciled in Texas.

1

3. Defendant Kenneth Wolfe may be served with process at his last known residence, located at 3624 Kimble Drive, Plano, Texas 75025, or wherever he may be found.

4. Defendant Wolfe Pintus Puritas, LLC is an Ohio limited liability company. The members of Wolfe Pintus Puritas LLC are, to the best of Plaintiff's knowledge, WP Puritas Mgr., LLC, along with other unknown members. The members of WP Puritas Mgr., LLC are Agostino Pintus, an individual domiciled in Ohio, and Wolfe RE Management LLC.  To the best of Plaintiff's knowledge, the sole member of Wolfe RE Management LLC is Kenneth Wolfe, an individual domiciled in Texas.

5. Wolfe Pintus Puritas can be served through its registered agent, National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

6. This Court has subject matter jurisdiction of the case pursuant to 28 U.S.C. § 1332 and personal jurisdiction over Defendants under the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91.

7. The matter in controversy in this case exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9. Jurisdiction and venue are further proper in this court because the contracts at issue in this case state that they shall be construed in accordance with the laws of Georgia, that exclusive venue for any legal proceedings arising out the agreements shall be the appropriate state or federal court in Atlanta, Georgia, and that the parties agree to the jurisdiction of such courts.

## **FACTUAL BACKGROUND**

10. Guarantor, through various entities including Wolfe Pintus Puritas, operates numerous companies that own, manage, and/or operate multi-family apartment complexes in Texas and commercial real estate in various other states, including Ohio.

11. Nectar advances funds to businesses. In some circumstances, Nectar obtains the right to receive a portion of net cash flow or revenue generated from a business on a monthly basis ("Cash Flow Payments").

12. Cash Flow Payments are also often backed by a personal guaranty.

13. On November 10, 2023, Wolfe Pintus Puritas, as Assignor, and Nectar, as Assignee, executed a Cash Assignment Agreement (the "Wolfe Pintus Puritas Agreement"). (A true and accurate copy of the Wolfe Pintus Puritas Agreement is attached hereto as **Exhibit 1**.)

14. Kenneth Wolfe executed the Wolfe Pintus Puritas Agreement.

15. Kenneth Wolfe signed the Wolfe Pintus Puritas Agreement as the Manager of Wolfe RE Mgmt., LLC, which Wolfe represented was a member and the manager of WP Puritas Mgr., LLC and which Wolfe represented was the Manager of Wolfe Pintus Puritas, LLC. (See Ex. 1, p. 11.)

16. Section 6.2 of the Operating Agreement for Wolfe Pintus Puritas, LLC expressly grants authority to "Kenneth Wolfe, member of the Manager, to sign any and all documents, including any documents related to any loan obtained by the Company."

17. Guarantor was authorized to bind Wolfe Pintus Puritas under the obligations of the Wolfe Pintus Puritas Agreement.

18. Under the Wolfe Pintus Puritas Agreement, Nectar agreed to advance Wolfe Pintus Puritas $545,000.00, which Nectar did, less applicable deductions and reserve withholding, as set forth in the agreement.

19. In exchange for this advance, Wolfe Pintus Puritas agreed to make a monthly "Cash Flow Payment" to Nectar of $13,730.97, payable over five years, directly from its bank account and/or provide authorizations for Nectar to withdraw the required amounts from the bank accounts provided by Wolfe Pintus Puritas.

20. On November 10, 2023, Defendant Kenneth Wolfe also executed a Guaranty of the Wolfe Pintus Puritas Agreement (the "Guaranty"). (A true and accurate copy of the Guaranty is attached as **Exhibit 2**.)

21. Under the Guaranty, Guarantor agreed to unconditionally guarantee full payment and performance of all of Wolfe Pintus Puritas' obligations under the Wolfe Pintus Puritas Agreement.

22. Beginning in or around November 2024, Wolfe Pintus Puritas ceased making the monthly Cash Flow Payments required under the agreement.

23. Wolfe Pintus Puritas' failure to pay the monthly Cash Flow Payments constituted an "Event of Default" as defined in the Wolfe Pintus Puritas Agreement.

24. Wolfe Pintus Puritas also committed other defaults under the Wolfe Pintus Puritas Agreement.

25. The Events of Default by Wolfe Pintus Puritas triggered Nectar's rights and remedies under the Wolfe Pintus Puritas Agreement, including the right to immediate payment by Wolfe Pintus Puritas and Guarantor of the remaining amount owed in full.

26. Nectar provided Defendants notice of the Events of Default as required by the Wolfe Pintus Puritas Agreement and Guaranty.

27. Despite the notices and demand for payment, Defendants failed to make the payments as required.

28. As of July 15, 2025, Defendants owe Nectar $884,474.17, which includes a default fee of 10% as permitted under the Wolfe Pintus Puritas Agreement.

## COUNT I

### Breach of Contract Against Kenneth Wolfe

29. Plaintiff repeats and realleges the preceding Paragraphs set forth above as if fully set forth herein.

30. Under the Guaranty, Guarantor Kenneth Wolfe agreed to unconditionally guarantee payment to Nectar of all amounts owed under the Wolfe Pintus Puritas Agreement until paid in full.

31. Wolfe Pintus Puritas has defaulted on and is in material breach of the Wolfe Pintus Puritas Agreement.

32. Therefore, Guarantor is liable under the Guaranty for the entirety of Wolfe Pintus Puritas' outstanding obligations under the Wolfe Pintus Puritas Agreement.

33. Despite notice and demand, Guarantor failed to fulfill Wolfe Pintus Puritas' outstanding obligations under the Wolfe Pintus Puritas Agreement.

34.     Nectar is entitled to recover from Guarantor all amounts owed by Wolfe Pintus Puritas under the Wolfe Pintus Puritas Agreement.

## COUNT II

### Breach of Contract Against Wolfe Pintus Puritas, LLC

35.     Plaintiff repeats and realleges the preceding Paragraphs set forth above as if fully set forth herein.

36.     Nectar and Wolfe Pintus Puritas entered into a valid agreement for Nectar to advance Wolfe Pintus Puritas $545,000.00 on certain terms and conditions as evidenced by the Wolfe Pintus Puritas Agreement.

37.     Wolfe Pintus Puritas made some payments pursuant to the Wolfe Pintus Puritas Agreement.

38.     Nectar fulfilled its obligations under the Wolfe Pintus Puritas Agreement.

39.     Wolfe Pintus Puritas breached the Wolfe Pintus Puritas Agreement by, among other things, failing to make complete and timely monthly payments as required.

40.     Because of Wolfe Pintus Puritas' defaults, the entire balance owed became payable to Nectar and is now due and owing.

41. As a result of Wolfe Pintus Puritas' defaults, Nectar has been damaged in the amounts set forth above, and all other fees, costs, and expenses, which Nectar is authorized to recover under the Wolfe Pintus Puritas Agreement and applicable law.

## COUNT III

### Attorney's Fees and Expenses

42. Plaintiff repeats and realleges the preceding Paragraphs set forth above as if fully set forth herein

43. Pursuant to the terms of the Wolfe Pintus Puritas Agreement and Guaranty, Defendants have agreed to pay all expenses, including reasonable attorney's fees and costs, incurred by Nectar to enforce the Wolfe Pintus Puritas Agreement and the Guaranty.

44. Nectar is also entitled to recover its reasonable and necessary attorneys' fees and expenses from Defendants under O.C.G.A. § 13-6-11 as Defendants acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a. Plaintiff be awarded judgment against Defendants for damages in an amount to be proven at trial for the full amount due and owing by Wolfe Pintus Puritas, LLC;

b. Plaintiff recover from Defendants its expenses of this litigation, including attorney's fees, as authorized by the Wolfe Pintus Puritas Agreement, Guaranty, O.C.G.A. §13-6-11, and any other applicable rule or law;

c. Plaintiff be awarded prejudgment and post-judgment interest at the maximum rates allowed by law; and

d. Plaintiff have such other and further relief against Defendants to which it is entitled.

Respectfully submitted this 26th day of August 2025.

*/s/ Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
lperling@clarkhill.com
Clark Hill PLC
3630 Peachtree Road N.E.
Suite 550
Atlanta, GA 30326
470.845.0207 (phone)

*Counsel for Plaintiff*