# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RE NECTAR, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:25-CV-04833-SEG |
| KENNETH WOLFE and WOLFE | § | |
| PINTUS PURITAS, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

## BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

COMES NOW Plaintiff RE Nectar, Inc. ("Nectar"), pursuant to Fed. R. Civ. P. Rule 55(a), and submits this Brief in Support of its Motion for Default Judgment against defendants Kenneth Wolfe ("Wolfe") and Wolfe Pintus Puritas, LLC ("WPP"). Nectar respectfully requests that this Court grant its motion for default judgment because Defendants were properly served and have not filed an Answer or otherwise responded to the Complaint.

## STATEMENT OF FACTS

### I.      Background.

This action is for breach of contract. Wolfe, through various entities including WPP, operates several companies that own, manage, and/or operate apartment complexes and commercial real estate. (Complaint, ¶ 10; Declaration of Brittany

1

504979\286355066

Mosely, ¶ 7 [attached hereto as Exhibit A].) Nectar advances funds to businesses like those run by Wolfe and, in some instances, Nectar obtains the right to receive a portion of net cash flow or revenue generated from the business on a monthly basis ("Cash Flow Payments"). (Complaint, ¶ 11; Declaration of Brittany Mosely, ¶ 8.) The agreements to provide Cash Flow Payments are also often backed by a personal guaranty. (Complaint, ¶ 12; Declaration of Brittany Mosely, ¶ 9.)

On November 10, 2023, WPP and Nectar entered into a Cash Flow Assignment Agreement (the "Agreement"). (Complaint, ¶ 13; Declaration of Brittany Mosely, ¶ 10.) Pursuant to the Agreement, Nectar advanced WPP $545,000.00. (Complaint, ¶ 18; Declaration of Brittany Mosely, ¶ 11.) In exchange for this advance, WPP agreed to make a monthly Cash Flow Payment to Nectar of $13,730.97, payable over five years, directly from its bank account and/or provide authorizations for Nectar to withdraw the required amounts from the bank accounts provided by WPP. (Complaint, ¶ 19; Declaration of Brittany Mosely, ¶ 12.)

On November 10, 2023, Wolfe executed a Guaranty of the Agreement (the "Guaranty"). (Complaint, ¶ 20; Declaration of Brittany Mosely, ¶ 13.) Under the Guaranty, Wolfe agreed to unconditionally guarantee full payment and performance of all of WPP's obligations under the Agreement. (Complaint, ¶ 21; Declaration of Brittany Mosely, ¶ 14.)

Beginning in or around November 2024, WPP ceased making the monthly

2

504979\286355066

Cash Flow Payments required under the Agreement. (Complaint, ¶ 22; Declaration of Brittany Mosely, ¶ 15.) WPP's failure to pay the monthly Cash Flow Payments constituted an "Event of Default" as defined in the Agreement. (Complaint, ¶ 23; Declaration of Brittany Mosely, ¶ 16.) The Event of Default by WPP triggered Nectar's rights and remedies under the Agreement, including the right to immediate payment by WPP and Wolfe individually, as guarantor, of the remaining amount owed in full. (Complaint, ¶ 25; Declaration of Brittany Mosely, ¶ 17.)

Nectar provided Defendants notice of the Event of Default as required by the Agreement and Guaranty. (Complaint, ¶ 26; Declaration of Brittany Mosely, ¶ 18.) Despite the notices and demand for payment, Defendants failed to make the payments as required. (Complaint, ¶ 27; Declaration of Brittany Mosely, ¶ 19.)

## II.    Procedural Posture.

Nectar filed its Complaint on August 26, 2025. (Doc. 1.) Nectar alleges breach of the Agreement by WPP and breach of the Guaranty by Wolfe. (*Id*., ¶¶ 29-41.)

On December 11, 2025, Nectar served WPP and on December 16, 2025, Nectar served Wolfe with the Complaint and Summons. (Docs. 6, 7.) Defendants did not file an Answer or otherwise respond to the Complaint within twenty-one days of service. The clerk entered default on January 30, 2026.

## III.    Allegations Contained in the Complaint Admitted by Defendants.

By defaulting, Defendants are deemed to have admitted the truth of the above

504979\286355066

stated facts and the following allegations:

1.    Nectar and WPP entered into a valid agreement for Nectar to advance WPP $545,000.00 on certain terms and conditions as evidenced by the Agreement. (Complaint, ¶ 36.)

2.    Nectar fulfilled its obligations under the Agreement. (Complaint, ¶ 38.)

3.    Under the Guaranty, Wolfe agreed to unconditionally guarantee payment to Nectar of all amounts owed under the Agreement until paid in full. (Complaint, ¶ 30.)

4.    Despite notices and demand for payment, Defendants failed to make the payments required. (*Id*., ¶¶ 27, 39.)

5.    WPP has defaulted on and is in material breach of the Agreement. (*Id*., ¶¶ 31, 39.)

6.    Because of WPP's defaults, the entire balance owed became payable to Nectar and is now due and owing. (Complaint, ¶ 40.)

7.    Wolfe is liable under the Guaranty for the entirety of WPP's outstanding obligations under the Agreement. (*Id*., ¶ 32.)

8.    Despite notice and demand, Wolfe failed to fulfill WPP's outstanding obligations under the Agreement. (*Id*., ¶ 33.)

9.    Nectar is entitled to recover from Wolfe all amounts owed by WPP under the Agreement. (*Id*., ¶ 34.)

10.    Pursuant to the terms of the Agreement and Guaranty, Defendants

4

504979\286355066

agreed to pay all expenses, including reasonable attorney's fees and costs, incurred by Nectar to enforce the Agreement and the Guaranty. (*Id.*, ¶ 43.)

11.     Nectar is also entitled to recover its reasonable and necessary attorneys' fees and expenses from Defendants under O.C.G.A. § 13-6-11 as Defendants acted in bad faith, have been stubbornly litigious, and/or have caused Nectar unnecessary trouble and expense. (*Id.*, ¶ 44.)

12.     Defendants owe Nectar $884,474.17, which includes a default fee of 10% under the Agreement. (*Id.*, ¶ 27; Declaration of Brittany Mosely, ¶ 20.)

## IV.    Calculation of Damages

In addition to the liquidated damages of $884,474.17 unpaid under the agreement, Nectar is entitled to pre-judgment interest.[1] Since the case is based on diversity jurisdiction and the Agreement does not specify an interest rate, the Court should apply pre-judgement interest based on Georgia law, which is 7% per annum.[2] O.C.G.A. § 7-4-15 provides that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." The date of accrual for the Court to calculate pre-judgment interest is November 30, 2024, which is the last

_____

[1] *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 F. App'x 368, 373–74 (11th Cir. 2020) ("Georgia law automatically awards prejudgment interest for liquated damages.")
[2] *Fed. Deposit Ins. Corp. v. Certain Underwriters at Lloyd's of London*, 45 F.4th 1301, 1307 n. 5 (11th Cir. 2022).

504979\286355066

day of the month that payment was due and unpaid. (Declaration of Brittany Mosely, ¶ 21.)

Nectar retained Clark Hill PLC to enforce its rights under the Agreement and Guaranty, including through the filing of this lawsuit. (*Id.*, ¶ 22.) Nectar has incurred attorneys' fees and other costs and expenses through Clark Hill PLC related to the enforcement of its rights under the Agreement and Guaranty. (*Id.*, ¶ 23.) The total amount of attorneys' fees and costs incurred is $48,458.06. (Declaration of Lewis P. Perling, ¶¶ 9-10 [attached hereto as Exhibit B].)

## ARGUMENT AND CITATION OF AUTHORITY

### I.   Legal Standard

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once the default is entered, "the party [seeking a default judgment] must apply to the court for a default judgment."[3] By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint.[4]

Once the clerk has entered default, "[t]he entry of a default judgment is committed to the discretion of the district court."[5] A motion for default judgment is

---

[3] Fed. R. Civ. P. 55(b)(2).
[4] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[5] *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

6

504979\286355066

like a reverse motion to dismiss for failure to state a claim.[6] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."[7] In considering a motion for default judgment, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief that is plausible, i.e. allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[8]

Once liability has been found, the district court has a great deal of discretion in deciding the level of damages to be awarded.[9] "While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."[10]

There is no *per se* requirement that the Court hold an evidentiary hearing regarding the amount and character of damages.[11] The Court may award damages in connection with a default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."[12]

_____

[6] *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1376 (N.D. Ga. 2018) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)).
[7] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).
[8] *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015).
[9] *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985).
[10] *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011).
[11] *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).
[12] *Org. Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017).

504979\286355066

## II.    The Court Should Grant a Default Judgment

Nectar asks that this Court grant its motion for entry of default judgment because Defendants have been properly served and have not filed an answer. Nectar set forth well-pled facts and allegations entitling it to judgment in its favor as to each count. Further, the amount of damages sought in the default judgment is supported by facts, set forth by affidavit, and are for liquidated, specific amounts.

### A.    Breach of Contract

Nectar states breach of contract claims against Defendants for which liquidated damages are appropriate and supported by the facts. Defendants have defaulted on the claims and thereby admitted that the Agreement and Guaranty are enforceable and that they are liable for the entire balance due to Nectar.

Default judgments are appropriate in cases alleging a cause of action for breach of contract. The elements of a cause of action for breach of contract are (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.[13] Nectar specifically alleged that WPP entered into the Agreement to make monthly Cash Flow Payments, that it failed to make the payments, and that Wolfe, as guarantor, did not make the payments despite demand under the Guarantee contract. WPP breached the Agreement, Wolfe breached the Guaranty, Nectar is damaged, and Nectar is the party that has the right to complain

---

[13] *Norton v. Budget Rent A Car System, Inc.*, 705 S.E. 2d 305, 306 (Ga. Ct. App. 2010)

about the contracts being broken. Nectar's well–pleaded allegations are sufficient to establish these elements.

Under Georgia law, "[d]amages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach."[14] The measure of damages should place the injured person in the position he would have been in if the contract had been fully performed.[15]

Liquidated damages flow from the breaches. Nectar has submitted Declaration supporting the claim for damages.

### B.    Claim for Attorneys' Fees and Costs

Nectar has also specifically plead the right to recover attorneys' fees and costs, under the Agreement, Guaranty, and Georgia law.[16] The Agreement states that upon an Event of Default, Nectar reserves the right to commence suit for recovery of monies due including, without limitation, reasonable and necessary attorneys' fees.[17] The Guaranty states that "Guarantor hereby agrees to pay all costs and expenses (including, without limitation, attorney's fees) incurred by Assignee in connection with any actions commenced by Assignee to enforce its rights or incurred in any action to defend its

---

[14] O.C.G.A. § 13-6-2; *see also Bauer v. N. Fulton Med. Ctr., Inc.*, 527 S.E.2d 240, 244 (Ga. Ct. App. 1999).

[15] *Caldwell v. Church*, 836 S.E.2d 594, 600 (Ga. Ct. App. 2019) (citing *Accent Walls, Inc. v. Parker*, 292 S.E.2d 509 (Ga. Ct. App. 1982)).

[16] Complaint, ¶¶ 42-44.

[17] *Id.*, Ex. 1, p. 7.

504979\286355066

performance under the Cash Flow Assignment Agreement and this Guaranty."[18]

In addition, O.C.G.A. § 13-6-11 states that although the expenses of litigation generally are not considered damages, "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." If a plaintiff in its complaint puts the defendant on notice that it is seeking attorney fees and expenses under O.C.G.A. § 13-6-11 as part of the relief prayed for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense.[19]

An award of attorneys' fees is authorized where the plaintiff provides the Court with evidence demonstrating that the fees and expenses were reasonably incurred.[20] In assessing whether a requested fee is reasonable, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate.[21]

Nectar submitted a declaration of its counsel indicating the amount charged for pursuing this action to date. The amounts are reasonable in light of the posture

---

[18]  *Id.*, Ex. 2, p. 8.

[19] *Cotto L. Grp., LLC v. Benevidez*, 870 S.E.2d 472, 480 (Ga. Ct. App. 2022).

[20] *Nat'l Fire Ins. Co. of Hartford v. Thrasher Contracting, LLC*, 142 F. Supp. 3d 1353 (N.D. Ga. 2015).

[21] *See Circle Y Const., Inc. v. WRH Realty Servs., Inc.*, 721 F. Supp. 2d 1272, 1282 (N.D. Ga. 2010), *aff'd*, 427 F. App'x 772 (11th Cir. 2011) (applying the "lodestar method" set out in *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) to claims for fees for breach of contract).

10

504979\286355066

of this case and counsel's experience with the legal market. Nectar is entitled to its requested attorneys' fees and expenses.

## **CONCLUSION**

Nectar respectfully requests that the Court enter default judgment against Defendants in the amount of $884,474.17, plus pre-judgment interest at 7% per annum since November 30, 2024, and reasonable and necessary attorneys' fees and expenses of $48,458.06.

Respectfully submitted this 10th day of February 2026.

*/s/Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
lperling@clarkhill.com
Clark Hill PLC
3630 Peachtree Road N.E.
Suite 700
Atlanta, GA 30326
470.845.0207 (phone)

*Counsel for Plaintiff*

504979\286355066

## <u>CERTIFICATE OF FONT AND CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C, and that I have served a copy of the forgoing document upon all parties of record, by United States mail, postage prepaid, and properly addressed as follows: Kenneth Wolfe, 500 North Central Expressway, Suite 260, Plano, Texas 75074 and Wolfe Pintus Puritas, LLC, Sean M. O'Brien, sobrien@lippes.com, Lippes Mathias, LLP, 50 Fountain Plaza, Suite 1700, Buffalo, NY 14202.

This 10th day of February 2026.

*/s/ Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
lperling@clarkhill.com
Clark Hill PLC
3630 Peachtree Road N.E.
Suite 700
Atlanta, GA 30326
470.845.0207 (phone)

*Counsel for Plaintiff*

504979\286355066