IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RE NECTAR, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:25-CV-04833-SEG |
| KENNETH WOLFE and WOLFE | § | |
| PINTUS PURITAS, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

## DECLARATION OF BRITTANY MOSELY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 1746, Brittany Mosely, declares under penalty of perjury that the following statements are true and correct:

1.      My name is Brittany Mosely. I am over the age of 18 and am legally competent to make this declaration.

2.      The facts stated in this declaration are within my personal knowledge and are true and correct. I make this declaration under penalty of perjury.

3.      I am one of the owners of RE Nectar, Inc. ("Nectar"). I am authorized to make this Declaration on behalf of Nectar in support of Plaintiff's Motion for Default Judgment against Defendants Kenneth Wolfe ("Wolfe") and Wolfe Pintus Puritas, LLC ("WPP") in the above-styled matter.

1

EXHIBIT A

4.    As part of my duties and responsibilities in this position, I oversee arrangements under which Nectar advances funds to companies, including the one at issue in this case. Through my position, I have access to the relevant documents, payment history, and other pertinent information.

5.    I have reviewed the relevant documents and payment history to the transaction at issue in this case.

6.    In light of my position and through my access to and actual review of the documents, I have personal knowledge of the facts recited, including information such as the amounts owed.

7.    Wolfe, through various entities including WPP, operates several companies that own, manage, and/or operate apartment complexes and commercial real estate.

8.    Nectar advances funds to businesses like those run by Wolfe and, in some instances, Nectar obtains the right to receive a portion of net cash flow or revenue generated from the business on a monthly basis ("Cash Flow Payments").

9.    The agreements to provide Cash Flow Payments are also often backed by a personal guaranty.

10.    On November 10, 2023, WPP and Nectar entered into a Cash Flow Assignment Agreement (the "Agreement"). (A true and accurate copy of the Agreement is attached to the Complaint as Exhibit 1.)

2

504979\286375361

EXHIBIT A

11.    Pursuant to the Agreement, Nectar advanced WPP $545,000.00.

12.    In exchange for this advance, WPP agreed to make a monthly Cash Flow Payment to Nectar of $13,730.97, payable over five years, directly from its bank account and/or provide authorizations for Nectar to withdraw the required amounts from the bank accounts provided by WPP.

13.    On November 10, 2023, Wolfe executed a Guaranty of the Agreement (the "Guaranty"). (A true and accurate copy of the Guaranty is attached to the Complaint as Exhibit 2.)

14.    Under the Guaranty, Wolfe agreed to unconditionally guarantee full payment and performance of all of WPP's obligations under the Agreement.

15.    Beginning in or around November 2024, WPP ceased making the monthly Cash Flow Payments required under the Agreement.

16.    WPP's failure to pay the monthly Cash Flow Payments constituted an "Event of Default" as defined in the Agreement.

17.    The Event of Default by WPP triggered Nectar's rights and remedies under the Agreement, including the right to immediate payment by WPP and Wolfe individually, as guarantor, of the remaining amount owed in full.

18.    Nectar provided Defendants notice of the Event of Default as required by the Agreement and Guaranty.

19.    Despite the notices and demand for payment, Defendants failed to

3

EXHIBIT A

make the payments as required.

20.    As of today, Defendants owe Nectar $884,474.17, which includes a default fee of 10% under the Agreement.

21.    The date of accrual of the amount due to Nectar is November 30, 2024, which is the last day of the month that payment was due and unpaid.

22.    Nectar retained Clark Hill PLC to enforce its rights under the Agreement and Guaranty, including through the filing of this lawsuit.

23.    Nectar has incurred attorneys' fees and other costs and expenses through Clark Hill PLC related to the enforcement of its rights under the Agreement and Guaranty.

I declare under penalty of perjury that the foregoing statements are true and correct on this, the 10th day of February 2026.

By: _____
BRITTANY MOSELY

504979\286375361

EXHIBIT A