**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RE NECTAR, INC.<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WOLFE and<br>WOLFE PINTUS PURITAS, LLC,<br><br>Defendants. | Case No.: 1:25-cv-04833-SEG |

**DEFENDANT WOLFE PINTUS PURITAS, LLC'S ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

Defendant Wolfe Pintus Puritas, LLC, ("Defendant" or "WPP"), by and through its undersigned attorneys, for its Answer to Plaintiff RE Nectar, Inc.'s ("Plaintiff" or "Nectar") Complaint, upon information and belief states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 and therefore denies same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 and therefore denies same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 and therefore denies same.

4. Admitted in part. Defendant admits it is an Ohio Limited Liability Company. Defendant denies the remaining allegations included in Paragraph 4.

5. Admitted in part. Defendant admits that its registered agent is National Registered Agents, Inc. However, it remains in the process of amending the recipients of notice of service on same in light of learning that Defendant Kenneth Wolfe ("Wolfe") had changed notice of service so that he was the only recipient of documents served on Defendant through National Registered Agents, Inc.

6. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 6.

7. The allegations in Paragraph 7 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 7.

8. The allegations in Paragraph 8 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 8.

9. The allegations in Paragraph 9 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 9.

## FACTUAL BACKGROUND

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 and therefore denies same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 and therefore denies same.

13. The document referenced in Paragraph 13 speaks for itself and no response is required. To the extent that a response is required, Defendant denies that Wolfe had authority to enter into any agreement on behalf of Defendant and did not provide notice of, or request permission to do so, in this circumstance. As a result, the allegations in Paragraph 13 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and therefore denies same.

16. The allegations in Paragraph 16 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 16.

17. The allegations in Paragraph 17 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 17.

18. The allegations in Paragraph 18 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 and therefore denies same.

23. The allegations in Paragraph 23 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 23.

24. The allegations in Paragraph 24 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 24.

25. The allegations in Paragraph 25 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 and therefore denies same.

27. The allegations in Paragraph 27 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

**COUNT I – Breach of Contract Against Kenneth Wolfe**

29. Defendant reasserts and realleges its responses to paragraphs 1-28 with the same force and effect as if fully restated herein.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 and therefore denies same.

31. The allegations in Paragraph 31 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 31.

32. The allegations in Paragraph 32 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 and therefore denies same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and therefore denies same.

**COUNT II – Breach of Contract Against Wolfe Pintus Puritas, LLC**

35. Defendant reasserts and realleges its responses to paragraphs 1-34 with the same force and effect as if fully restated herein.

36. The allegations in Paragraph 36 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 and therefore denies same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 and therefore denies same.

39. The allegations in Paragraph 39 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 39.

40. The allegations in Paragraph 40 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 40.

41. The allegations in Paragraph 41 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 41.

**COUNT III – Attorney's Fees and Expenses**

42. Defendant reasserts and realleges its responses to paragraphs 1-41 with the same force and effect as if fully restated herein.

43. lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 and therefore denies same.

44. The allegations in Paragraph 44 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and very allegation in Paragraph 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief can be granted against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant has no control or authority.

### THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

48. Any agreement Wolfe entered into on behalf of Defendant was without its authority and consent. Accordingly, any agreement is the result of fraud and is unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

49. Wolfe lacked legal capacity or approval to enter into any agreement with Nectar on Behalf of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

50. Defendant pleads any and all applicable statute of limitations.

**CROSS CLAIMS AGAINST DEFENDANT KENNETH WOLFE**

**INTRODUCTION**

1. As a preliminary matter, and as articulated in its Answer above, Wolfe Pintus Puritas, LLC ("WPP" or "Crossclaim Plaintiff") denies that Kenneth Wolfe ("Wolfe" or "Crossclaim Defendant") had authority to enter into the Cash Assignment Agreement at issue in this lawsuit. As a result, WPP denies that it is liable for the obligations purportedly imposed upon it by the Cash Assignment Agreement. For the sole purpose of WPP's crossclaims, and to the extent this Court finds that Wolfe had authority to enter into the Cash Assignment Agreement, Wolfe is liable for any and all damages attributable to WPP as a result of Wolfe's fraudulent conduct described herein.

2. Considering the foregoing, WPP brings these crossclaims against Wolfe for, *inter alia*, fraud, breach of fiduciary duty, indemnification, conversion, and unjust enrichment.

3. For the sole purpose of WPP's crossclaims, WPP makes reference to and incorporates the jurisdictional allegations made by Nectar in the Complaint.

4. For the sole purpose of WPP's crossclaims, WPP makes reference to and incorporates the "parties" related allegations made by Nectar in the Complaint.

## FACTUAL BACKGROUND

5. WPP is a limited liability company, formed to acquire, operate, and sell real estate for profit.

6. WPP is comprised of a collective of investors, who retain certain ownership in WPP.

7. Puritas Mgr. LLC, was the initial manager entity of WPP.

8. Puritas Mgr. LLC was comprised of RDYNE IV, LLC and Wolfe RE Mgmt., LLC.

9. Upon information and belief, Wolfe RE Mgmt., LLC is controlled by Kenneth Wolfe.

10. However, after it became apparent that Wolfe, in his role with Wolfe RE Mgmt., LLC, had taken multiple material actions that, at the very least, breached his fiduciary duties to WPP, action was taken to remove him and his entities from the corporate structure described above.

11. Specifically, on or about October 23, 2025, upon written consent of the members of WPP, WP Puritas Mgr. LLC was removed as the manager company and replaced by Buckingham Alchemy LLC, the successor manager company.

12. Accordingly, at present, Wolfe has no involvement with or authority to act on behalf of WPP.

13. WPP purchased the property in question in this lawsuit, 3170 Puritas Avenue, Cleveland, OH 44135 (the "Property"), with the goal of managing it and ultimately selling it for a profit.

14. In that regard, and unbeknownst to WPP, Wolfe weaponized his position within WPP to improperly shield himself and his actions from any other interested party or member of WPP.

15. Specifically, Wolfe attempted to thwart any and all measures by which WPP would be provided notice of his actions, described herein, that were not permitted, consented to, or authorized by law.

16. Wolfe created and/or changed the list of individuals who would receive copies of documents served on WPP through its registered agent to Wolfe individually, not WPP.

17. Wolfe also unlawfully and without authority, attempted to amend filings within the State of Ohio to attempt identify himself as the only member of Puritas Mgr. LLC, the manager entity of WPP during the time period in question.

18. Wolfe, acting without WPP's authority or consent, took these actions to evade transparency and allow him to enter into several business transactions that were solely for his own benefit, and to WPP's material detriment.

19. Relevant here, and as alleged in Nectar's Complaint, Wolfe purportedly executed a Cash Assignment Agreement with Nectar, allegedly on behalf of WPP, in which Nectar agreed to advance WPP $545,000.00.

20. In exchange, Wolfe, purportedly on behalf of WPP, agreed that WPP would make monthly cash flow payments to Nectar over the course of five years.

21. Wolfe also executed a personal guaranty related to and as security for the Cash Assignment Agreement he entered into with Nectar.

22. Wolfe purportedly entered into the Cash Assignment Agreement with Nectar on his own accord and without any notice to, or consent or approval from WPP.

23. Wolfe purportedly entered into the Cash Assignment Agreement with Nectar on his own accord and without any notice to, or consent or approval from the other member of Puritas Mgr., LLC.

24. Wolfe never notified any representative of WPP that he was seeking funding from Nectar, nor that he had attempted to bound WPP to a loan that he personally guaranteed.

25. WPP never received any funds extended by Nectar pursuant to the Cash Assignment Agreement, as upon information and belief, the funds were were sent by Nectar to Wolfe individually, not WPP.

26. To date, Wolfe has converted any and all funds provided to him by Nectar for his own benefit and without any explanation to any party in this lawsuit.

27. As a result of Wolfe's actions, WPP has been subject to material harm, including but not limited to having to defend the instant lawsuit.

28. As a result of Wolfe's actions, the pending sale of the Property, which is under contract, has been threatened.

**FIRST CROSS CLAIM**
**(Fraud)**

29. WPP incorporates by reference the allegations in Paragraphs 1-28 as though fully set forth herein.

30. Wolfe made material misrepresentations and/or omissions to WPP and its members by, among other things: (a) concealing the existence of the alleged Cash Assignment Agreement with Nectar; (b) concealing the receipt of $545,000.00 in loan proceeds purportedly advanced from Nectar to WPP; (c) misappropriating those proceeds for his own personal use without disclosing the same to WPP; and (d) concealing the purported default of the alleged Cash Assignment Agreement with Nectar.

31. Wolfe made these misrepresentations and omissions with the intent that WPP would rely upon them by continuing to operate WPP without knowledge of the undisclosed liabilities and obligations imposed on it as a result of the purported Cash Assignment Agreement with Nectar.

32. WPP actually and justifiably relied on Wolfe's misrepresentation and omissions, by, among other things, continuing to operate WPP without knowledge that the purported Cash Assignment Agreement with Nectar, and without the opportunity to take corrective action.

33. As a direct and proximate result of Wolfe's fraudulent actions, WPP has suffered damages including but not limited to the funds Wolfe stole in the name of WPP, the full amount of Nectar's claims against WPP, together with attorneys' fees, costs of defense, interest, and any other losses incurred due to Wolfe's fraudulent conduct.

34. As described herein, Wolfe's conduct was willful, malicious, and carried out with conscious indifference to the rights of WPP, entitling WPP to an award of exemplary damages.

**SECOND CROSS CLAIM**
**(Breach of Fiduciary Duty)**

35. WPP incorporates by reference the allegations in Paragraphs 1-34 as though fully set forth herein.

36. Members of a member-managed limited liability company owe a fiduciary duty to the company, including duties of loyalty and care.

37. WPP's Company Agreement further establishes that management of WPP is reserved to its members and that all decisions relating to the management and operation of the company shall be made and executed by the members.

38. Wolfe, as a member of WPP, and a member of Puritas Mgr. LLC, owed fiduciary duties of loyalty, care, and good faith to WPP.

39. Wolfe breached his fiduciary duties by, amongst other things: (a) purportedly entering into a Cash Assignment Agreement with Nectar on behalf of WPP, without the knowledge, consent, or authorization of WPP; (b) misappropriating the $545,000.00 in loan proceeds he allegedly received from Nectar on behalf of WPP for his personal benefit; (c) concealing the existence of the Cash Assignment Agreement with Nectar and the loan proceeds from WPP; (d) allowing WPP to allegedly default on the Cash Assignment Agreement with Nectar without disclosing the existence of any potential obligation in that regard; and (e) attempted to thwart any and all measures by which WPP would be provided notice of Wolfe's actions that were not permitted, consented to, or authorized by law.

40. Wolfe's breaches of his fiduciary duty were committed in bad faith and with the intent to benefit himself, at the expense of WPP.

41. As a direct and proximate result of Wolfe's breaches of fiduciary duty, WPP has suffered damages, including but not limited to the funds Wolfe stole in the name of WPP, the full amount of Nectar's claims against WPP, together with attorneys' fees, costs of defense, interest, and any other losses incurred due to Wolfe's fraudulent conduct.

42. Wolfe's conduct was willful, malicious, and carried out with conscious indifference to the rights of Cross-Claimant, entitling Cross-Claimant to an award of exemplary damages.

**THIRD CROSS CLAIM**
**(Indemnification)**

43. WPP incorporates by reference the allegations in Paragraphs 1-42 as though fully set forth herein.

44. Section 4.2 of the WPP Company Agreement provides that "[e]ach Member shall indemnify and hold harmless the Company and other Members from all Losses and Claims arising from such Member's gross negligence, willful misconduct, bad faith or criminal act where, with regard to criminal acts only, the Member had reasonable cause to believe such conduct was unlawful.

45. Section 4.1 of the Company Agreement further provides that WPP shall have no obligation to indemnify a member for "[a]ny Claim resulting from the gross negligence or bad faith of the Members seeking indemnification" or for "[i]ntentional misconduct or a knowing violation of law, or for any transaction for which the Member received a personal benefit in violation or breach of any provision of this Agreement."

46. Wolfe's conduct constitutes willful misconduct, bad faith, and/or gross negligence within the meaning of Section 4.2 of the WPP Company Agreement.

47. Wolfe purportedly entered into the Cash Assignment Agreement with Nectar without authorization, misappropriated the loan proceeds for personal benefit, concealed the transaction and resulting liability from WPP, and then allowed WPP to default in this lawsuit, all the while taking affirmative steps to prevent WPP from learning of the resulting legal proceedings.

48. The losses and claim for which WPP seeks indemnification include all damages, judgments, costs, expenses, and attorneys' fees arising from or related to Nectar's claims in this action and from Wolfe's unauthorized and self-dealing conduct.

49. Moreover, Wolfe is not entitled to indemnification from WPP under Section 4.1 of the WPP Company Agreement because his conduct constitutes gross negligence, bad faith, intentional misconduct, and a transaction for which he received a personal benefit in violation of the WPP Company Agreement.

50. Accordingly, Wolfe is obligated under Section 4.2 of the WPP Company Agreement to indemnify and hold harmless WPP from all losses and claims arising from his willful misconduct, bad faith, and/or gross negligence.

51. Alternatively, a party whose liability is only vicarious, constructive or derivative in nature is entitled to implied indemnification from the party whose actual wrongdoing caused the harm.

52. The right to common law indemnity arises when the indemnitee's liability is purely secondary or passive, and the indemnitor is the active wrongdoer.

53. WPP's potential exposure stemming from Nectar's claims in this lawsuit arise solely and exclusively from Wolfe's unauthorized self-dealing.

54. WPP had no knowledge of the alleged Cash Assignment Agreement with Nectar, received no benefit from the $545,000.00 advanced to Wolfe individually pursuant to same, and bears no independent fault for the obligations or alleged defaults at issue.

55. WPP's liability, if any, is entirely derivative of Wolfe's wrongful acts.

56. As the wrongdoer whose conduct is the sole cause of WPP's potential exposure to Nectar's claims, Wolfe is obligated to fully indemnify WPP for any and all liability, damages, judgments, costs, expenses and attorneys' fees arising from or related to Nectar's claims.

**FOURTH CROSS CLAIM**
**(Conversion)**

57. WPP incorporates by reference the allegations in Paragraphs 1-56 as though fully set forth herein.

58. The $545,000.00 advanced by Nectar to Wolfe individually was purportedly paid to or for the benefit of WPP. As a result, WPP would have had a right to possess and control those funds.

59. Wolfe wrongfully exercised dominion and control over the $545,000.00 by misappropriating those funds for his own personal use and benefit, without the knowledge, consent, or authorization of WPP.

60. Wolfe wrongfully exercised dominion and control over the $545,000.00 by misappropriating those funds for his own personal use and benefit, without the knowledge, consent, or authorization of WPP.

61. Wolfe's exercise of dominion and control over the funds was inconsistent with and in defiance of WPP's rights to those funds.

62. Wolfe's wrongful conduct was so egregious as to render a demand for the funds unnecessary. Additionally, and as alleged herein, WPP had no knowledge of the funds being disbursed to Wolfe until it became aware of the instant lawsuit.

63. As a direct and proximate result of Wolfe's conversion, Cross-Claimant has suffered damages in an amount to be proven at trial but no less than $545,000.00, together with any additional damages caused by the deprivation of those funds.

**FIFTH CROSS CLAIM**
**(Unjust Enrichment)**

64. WPP incorporates by reference the allegations in Paragraphs 1-62 as though fully set forth herein.

65. Wolfe obtained $545,000.00 in funds that were allegedly advanced to or for the benefit of WPP under the Nectar Agreement.

66. Wolfe retained those funds for his own personal benefit and use, without providing consideration to WPP and without delivering the funds to WPP.

67. It would be unconscionable and unjust for Wolfe to retain the benefit of those funds under the circumstances described herein.

68. WPP is entitled to restitution from Wolfe in an amount equal to the value of the funds he wrongfully retained, together with any additional damages proximately caused by his retention of those funds.

WHEREFORE, Defendant and Crossclaim Plaintiff Wolfe Pintus Puritas, LLC respectfully demands judgment against Plaintiff and Crossclaim Defendant Kenneth Wolfe, dismissing the Complaint in its entirety, or in the alternative on its crossclaims, awarding damages in its favor of it and against Kenneth Wolfe in an amount to be determined at trial, and such other and further relief as the Court deems just and proper.

Dated: April 17, 2026

**LIPPES MATHIAS LLP**

/s/ Brendan H. Little
Brendan H. Little, Esq.
Georgia Bar No. 887804
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com
*Attorneys for Defendant Wolfe Pintus Puritas, LLC*