IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RE NECTAR, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:25-CV-04833-SEG |
| KENNETH WOLFE and WOLFE | § | |
| PINTUS PURITAS, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.     **Description of Case:**

(a) Describe briefly the nature of this action.

**This is a breach of contract action.**

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

**On November 10, 2023, Kenneth Wolfe, purporting to act on behalf of Wolfe Pintus Puritas, LLC ("WPP"), and RE Nectar, Inc. ("Nectar") entered into a Cash Flow Assignment Agreement (the "Agreement"). Pursuant to the Agreement, Nectar advanced WPP $545,000.00. In exchange for this advance, WPP agreed to make a monthly Cash Flow Payments to Nectar of $13,730.97, payable over five years, directly from its bank account and/or provide authorizations for Nectar to withdraw the required amounts from the bank**

1

accounts provided by WPP.

On November 10, 2023, Kenneth Wolfe ("Wolfe") executed a Guaranty of the Agreement (the "Guaranty"). Under the Guaranty, Wolfe agreed to unconditionally guarantee full payment and performance of all of WPP's obligations under the Agreement.

Beginning in or around November 2024, WPP ceased making the monthly Cash Flow Payments required under the Agreement. WPP's failure to pay the monthly Cash Flow Payments constituted an "Event of Default" as defined in the Agreement. The Event of Default by WPP triggered Nectar's rights and remedies under the Agreement, including the right to immediate payment by WPP and Wolfe individually, as guarantor, of the remaining amount owed in full. Nectar provided Defendants notice of the Event of Default as required by the Agreement and Guaranty. Despite the notices and demand for payment, Defendants failed to make the payments as required.

WPP contends that it never received the above-mentioned funds, that it is not liable to Nectar under the Agreement because Wolfe did not have authority or consent to enter the Agreement on its behalf and, therefore, it is unenforceable.

(c)    The legal issues to be tried are as follows:

As to Defendant Wolfe, the only issue to be tried is damages, as he is in

CLARKHILL\M8217\504979\288019417.v2-6/9/26

**default.**

**As to Defendant WPP, the issues to be tried include its liability for the alleged breach and damages.**

**As to Defendant WPP's cross claim against Wolfe, the issues to be tried include Wolfe's liability for his actions and damages stemming from same.**

    (d)    The cases listed below (include both style and action number) are:

        (a)    Pending Related Cases: <u>**None**</u>.

        (b)    Previously Adjudicated Related Cases:  <u>**None**</u>.

**2.    This case is complex because it contains one or more of the features listed below (please check):**

    ____ (1) Unusually large number of parties
    ____ (2) Unusually large number of claims or defenses
    __X__ (3) Factual issues are exceptionally complex
    ____ (4) Greater than normal volume of evidence
    __X_ (5) Extended discovery period may be needed
    __X_ (6) Problems locating or preserving evidence
    ____ (7) Pending parallel investigations or action by government
    ____ (8) Multiple use of experts
    ____ (9) Need for discovery outside United States boundaries
    ____ (10) Existence of highly technical issues and proof
    ____ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Counsel for Plaintiffs:</u>        **Lewis P. Perling**

<u>Counsel for Defendants:</u>        **Sean O'Brien, application for admission *pro hac vice* to be**

3

**submitted.**

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes                    ___**X**__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a) The following persons are necessary parties who have not been

joined:  **None.**

(b) The following persons are improperly joined as parties:  **None**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None**.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiff previously filed a motion for injunctive relief, which it**

**withdrew without prejudice. Plaintiff reserves the right to re-file the motion**

4

**and may seek to amend the Complaint related to that motion.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B). **None.**

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. **None.**

CLARKHILL\M8217\504979\288019417.v2-6/9/26

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Discovery will be needed on the following subjects:**

- **The allegations in the Complaint and WPP's Answer and Cross Claims;**

- **Facts relevant to any claims or defenses;**

- **Damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request 8 months for discovery. The parties anticipate potential issues or complications pertaining to evidence that the parties believe is in the sole position of Mr. Wolfe. As Mr. Wolfe has not participated in this case, the parties believe that it may be difficult to obtain evidence from him. That potential issue, in conjunction with a general lack of understanding**

6

as to whether the information Mr. Wolfe may have will require supplemental discovery (either from the parties to this lawsuit or non-parties), may require additional time.

Therefore, the parties jointly request that the close of discovery be set for **December 17, 2026**, the deadline for filing dispositive motions be set for **January 18, 2027**, and the deadline to file a proposed consolidated Pretrial Order be set for **January 18, 2027** or, if a dispositive motion is filed, no later than 30 days after entry of the Court's ruling, whichever is later.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b) Is any party seeking discovery of electronically stored information?

**_X__** Yes                                        ____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree to produce documents in accordance with Fed. R. Civ. P. 34(b)(2)(E).**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable

7

Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties agree to produce documents in native format.**

12.  **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13.  **Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_**X**__ Yes                                              ____ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**The parties anticipate discovery may include information that they**

**consider to be trade secret and/or otherwise considered confidential. The**

**parties will confer and present a protective order for the Court to consider in**

**compliance with the Court's Standing Order.**

14.  **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **June 2, 2026**, and that they participated in settlement discussions. Other persons who participated in the

settlement discussions are listed according to party.

For Plaintiff: Lead Counsel (signature):*/s/Lewis P. Perling*

Other participants: **None**

For Defendant WPP: Lead Counsel (signature):*/s/Sean O'Brien*

Other participants: **None**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

(__) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is

needed.

(**X**) No possibility of settlement.

(c)  Counsel (__) do or (**X**) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **N/A**.

(d) The following specific problems have created a hindrance to settlement of this case.

**The parties disagree on the laws and facts.**

## 15. Trial by Magistrate Judge:

(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2026.

(b) The Parties (**X**) do not consent to having this case tried before a

9

magistrate judge of this Court.

Respectfully submitted this 9th day of June, 2026.

*/s/Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
lperling@clarkhill.com
Clark Hill PLC
3630 Peachtree Road N.E.
Suite 700
Atlanta, GA 30326
470.845.0207 (phone)

*Counsel for Plaintiff*

*/s/Brendan H. Little (with express permission)*
Brendan H. Little, Esq.
Georgia Bar No. 887804
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

Sean M. O'Brien, Esq. (pro hac forthcoming)
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
sobrien@lippes.com

*Counsel for Defendant WPP*

CLARKHILL\M8217\504979\288019417.v2-6/9/26

* * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20____.


_____
UNITED STATES DISTRICT JUDGE

11

CLARKHILL\M8217\504979\288019417.v2-6/9/26